```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


DOROTHY M. HOLCOMBE,                :
                                    :
      Plaintiff,                    :
                                    :
vs.                                 :    CIVIL ACTION 15-0028-KD-M
                                    :
CAROLYN W. COLVIN,                  :
Commissioner of Social Security,    :
                                    :
      Defendant.                    :
```

REPORT AND RECOMMENDATION

In this action under 28 U.S.C. § 2412, Plaintiff seeks Attorney Fees Under the Equal Access to Justice Act (hereinafter *EAJA*) (Doc. 17); Defendant has filed a Response (Doc. 18). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72, and S.D. Ala. Gen.L.R. 72. After considering the pertinent pleadings, it is recommended that Plaintiff's Motion be granted and that Plaintiff be awarded an EAJA attorney's fee in the amount of $2,980.04.

Plaintiff filed this action on January 22, 2015 (Doc. 1). On July 23, 2015, the undersigned Judge entered a Memorandum Opinion and Order, reversing the decision of the Commissioner,

1

and remanding this action for further proceedings (Doc. 15). Judgment was entered in favor of Plaintiff and against Defendant (Doc. 16).

On October 12, 2015, Byron A. Lassiter, Plaintiff's Attorney, filed an EAJA Fee Application requesting a fee of $2,980.04, computed at an hourly rate of $188.61 for 15.8 hours spent in this Court (Doc. 17). Defendant, in her Response filed on October 26, 2015, stated that she had no objection to the requested fee, noting that payment should be made to Plaintiff rather than to her Attorney (Doc. 18).

The EAJA requires a court to

> award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of Agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken

2

pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

As set out above, three statutory conditions must be satisfied before EAJA fees may be awarded.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  First, the claimant must file a fee application within the thirty-day period; also, the claimant must be a prevailing party.  Finally, the Government's position must not be substantially justified.

Defendant apparently concedes all three EAJA requirements (*see* Doc. 18).  The Court finds that they have been met.

The Court will now discuss the fee to be awarded.  EAJA is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler*, 765 F.2d 1562, 1586 (11th Cir. 1985 (EAJA) (*quoting Hensley v. Eckerhartt*, 461 U.S. 424, 433 (1983) (§ 1988)).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the

> rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private sector, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  *Norman v. Housing Authority*, 836 F.2d 1292, 1301 (11th Cir. 1988).

    After examining Plaintiff's Attorneys' Application, and supporting documentation, and considering the reasonableness of the hours claimed, the Court finds that the 15.8 hours expended in prosecuting this action is reasonable.

    In determining the hourly rate to apply in a given EAJA

case, express statutory language provides as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward . . . to take into account an increase in the cost of living, or a special factor.

*Meyer*, 958 F.2d at 1033-34 (citations and footnote omitted).[1]

---

[1]Subsequent to *Meyer*, the cap was raised from $75.00 per hour to

The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.  *NAACP V. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987).  Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support thereof, the court may make an award on its own experience.  *Norman v. City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  Where the documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but, traditionally, it has had the power to make an award with no need of further pleadings or an evidentiary hearing.  *Id.*

Beginning in 2001, the prevailing market rate in the Southern District of Alabama was $125.00 per hour.  *See, e.g.*, *Smith v. Massanari*, Civil Action 00-0812-P-M (S.D. Ala. October 25, 2001); and *Square v. Halter*, Civil Action 00-0516-BH-L (S.D. Ala. April 12, 2001).  However, in 2007, U.S. Magistrate Judge Cassady fashioned a formula to adjust the prevailing market hourly rate to account for the ever-increasing cost-of-living.

---

$125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A).

6

*Lucy v. Barnhart*, Civil Action 06-0147-C (S.D. Ala. July 5, 2007 (Doc. 32)). As set out in *Lucy*, the formula to be used in calculating all future awards of attorney's fees under the EAJA is as follows: "'(\$125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint[2])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the \$125 cap was enacted.'" (*Lucy*, Doc. 32, at p. 11) (*quoting Lucy*, Doc. 31, at p. 2). The undersigned also adopts this formula in EAJA fee petition actions for use in arriving at the appropriate hourly rate.

The complaint was filed on January 22, 2015 (Doc. 1) and the Court entered its Memorandum Opinion and Order and Judgment on September 23, 2015 (Docs. 15-16), so the temporal midpoint in this action was April 23, 2015. The CPI-U for April 2015 was 229.957. Plugging the relevant numbers into the foregoing formula renders the following equation: \$125.00 x 229.957/152.4, the computation of which renders an hourly rate of \$188.61. This hourly rate for 15.8 hours equals \$2,980.04.

The Court notes that, in the application for Attorney's

---

[2]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] . . . [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." *Lucy v. Barnhart*. Civil Action 06-0147-C (S.D.

7

Fees, counsel for Plaintiff requests that any award of attorney's fees be paid to Plaintiff's attorney rather than to Plaintiff (Doc. 17).  The Government argues that payment should only go to the Plaintiff (Doc. 18).

As noted earlier, EAJA allows a Court to make an "*award to a prevailing party*."  28 U.S.C. § 2412(d)(1)(A).  In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Eleventh Circuit Court of Appeals stated that "[i]t is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party."  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir.), *cert. denied*, 555 U.S. 1072 (2008) ("We conclude the EAJA means what it says:  attorney's fees are awarded to the 'prevailing party,' not to the prevailing party's attorney").  The United States Supreme Court, in the unanimous decision of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), held "that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States," removing any doubt as to whom the award should be paid.

In this action, Holcombe has stated that the Government can

---

Ala. Doc. 31, at p. 3).

8

pay any fees awarded to her to Attorney Lassiter (Doc. 17, Exhibit 2).  However, under the reasoning of *Reeves* and *Ratliff*, the Court finds that the award should be paid to Plaintiff Dorothy M. Holcombe and not to her Attorney.

In conclusion, it is recommended that Plaintiff's Attorney's Application be granted (Doc. 17) as set out above and that Plaintiff be **AWARDED** an EAJA Attorney's fee in the amount of $2,980.04.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

9

consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 5th day of November, 2015.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE